NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 9 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DIEGO ANTONIO FRANCISCO-DIEGO, AKA Diego Antonio, AKA Diego Antonio Francisco, AKA Francisco Gutierrez, AKA Francisco Gutierrez Mateo, | No.   18-70182 |
| Petitioner, | Agency No. A206-676-996 |
| v. | MEMORANDUM[*] |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2026[**]
Pasadena, California

Before:  LEE, KOH, and DE ALBA, Circuit Judges.

Petitioner Diego Antonio Francisco-Diego ("Petitioner"), a native and

citizen of Guatemala, petitions for review of a decision by the Board of

Immigration Appeals ("BIA") dismissing the appeal of an Immigration Judge's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("IJ") denial of Petitioner's requests for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C § 1252. We deny the petition in part and dismiss the petition in part.

"Where, as here, the BIA cites [*Matter of Burbano*, 20 I. & N. 872 (BIA 1994),] and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)). We review legal conclusions de novo and factual determinations for substantial evidence. *Id.*

1. We lack jurisdiction to review the BIA's determination that Petitioner failed to demonstrate an exception to the one year filing deadline for his asylum application. *See* 8 U.S.C. § 1158(a)(2)(B), (D). The BIA determined that Petitioner's asylum application, filed 17 years after Petitioner entered the country, was untimely, and that the kidnapping of Petitioner's son in 2016 did not constitute changed or extraordinary circumstances excusing the late filing because the kidnappers were motivated by a desire for a ransom, not a protected ground. *See* 8 U.S.C. § 1158(a)(2)(D) ("An application for asylum . . . may be considered, notwithstanding [the one year bar], if the [petitioner] demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing .

2

. . .”).

Petitioner disputes this finding and argues that his son was in fact targeted because his family appeared wealthier than others in their community. However, because Petitioner's argument raises only a factual challenge to the BIA's determination of the kidnappers' motive and does not present a question of law, we lack jurisdiction to review the BIA's determination. *See Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013) ("Where the underlying facts are disputed, as they are here, we lack jurisdiction to review the Board's extraordinary circumstances determination."). Accordingly, we dismiss the petition with respect to Petitioner's claim for asylum.

2.      Substantial evidence supports the BIA's determination that Petitioner is not eligible for withholding of removal. As an initial matter, the country reports relied on by Petitioner fail to demonstrate that Petitioner's proposed particular social group—"indigenous Guatemalans who have more money than others in their indigenous community"—possesses the requisite particularity and social distinction. *See Rios v. Lynch*, 807 F.3d 1123, 1127-28 (9th Cir. 2015).

Further, Petitioner failed to establish past persecution based on the taking of Petitioner's family's land by the Guatemalan government in 1999. Although "substantial economic deprivation that constitutes a threat to life or freedom can constitute persecution," *Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006),

3

Petitioner failed to present any testimony or documentary evidence demonstrating the economic impact of the taking, such as the amount of land taken, the value of the land, or the extent to which Petitioner's family depended on the land. *See Hussain v. Rosen*, 985 F.3d 634, 647 (9th Cir. 2021) (finding no past persecution where the petitioner's jewelry shop was burned but the petitioner "did not detail the actual impact of these losses"); *Zehatye*, 453 F.3d at 1186 (finding that the government's seizure of petitioner's father's carpentry business and forced relocation of the family did not rise to the level of past persecution). That Petitioner's family relinquished the land peacefully also supports the agency's determination that the taking did not rise to the level of persecution. *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) ("We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm."); *Zehatye*, 453 F.3d at 1186 ("[M]ere economic disadvantage alone, does not rise to the level of persecution." (quoting *Gormley v. Ashcroft,* 364 F.3d 1172, 1178 (9th Cir. 2004))).[1]

---

[1] Petitioner's reliance on Executive Order 14204 ("EO 14204") and the Refugee Admissions Program for South Africans (the "Program") is unavailing. Although EO 14204 references the seizure of Afrikaners' land without compensation, neither EO 14204 nor the Program purport to alter the existing requirements for establishing past persecution based on economic harm. The Program thus has no impact on determining whether the BIA erred in failing to find persecution in Petitioner's case. To the extent Petitioner alleges an equal protection claim, Petitioner failed to identify any similarly situated Afrikaners or any disparate treatment. *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018).

Petitioner also failed to establish a clear probability that he would face future persecution because of a protected ground if returned to Guatemala. Petitioner does not claim that he was physically harmed or threatened by government officials or anyone else while living in Guatemala. As for the kidnapping of Petitioner's son, substantial evidence supports the BIA's determination that the kidnapping was an opportunistic crime motivated only by the desire to obtain a ransom. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Petitioner's other family members also remain unharmed.

Accordingly, we deny the petition with respect to Petitioner's claim for withholding of removal.

3.     Finally, substantial evidence supports the BIA's determination that Petitioner failed to establish that it is more likely than not that he will be tortured by or with the consent or acquiescence of a public official if he is returned to Guatamala. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009). As previously noted, Petitioner does not claim that he has been threatened or harmed, nor has he identified anyone who intends to harm him. Further, the generalized evidence of police corruption and discrimination against indigenous Guatemalans relied on by Petitioner fails to show that any torture would be by or with the

5

consent or acquiescence of a public official. Accordingly, we deny the petition with respect to Petitioner's claim for relief under CAT.

**PETITION DENIED IN PART AND DISMISSED IN PART.**[2]

---

[2] The temporary stay of removal shall remain in place until the mandate issues.